**Virgen Romio Susil Kumar FERNANDO, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 01–4171.

United States Court of Appeals, Second Circuit.

Dec. 30, 2003.

Visuvanathan Rudrakumaran, Visuvanathan Rudrakumaran and Associates PC, New York, New York, for Petitioner.

Lisa R. Zornberg, Assistant United States Attorney for James B. Comey, United States Attorney for the Southern District of New York (Sara L. Shudofsky, on the brief), New York, New York, for Respondent.

Present: OAKES, NEWMAN, and KATZMANN, Circuit Judges.

SUMMARY ORDER

Virgen Romio Susil Kumar Fernando, a Tamil from Sri Lanka, petitions for review

of a September 2001 order of the Board of Immigration Appeals ("BIA") denying his asylum claim and rejecting his application for withholding of removal based upon the Convention Against Torture. Familiarity with the facts and the law is assumed.

We review the factual findings of the BIA under the "substantial evidence standard." *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003). A finding of the Board "will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Id.* at 307 (internal quotation marks omitted). However, review of the BIA's determinations of law and review of "the proper application of legal principles to the facts and circumstances of the individual case at hand" occurs *de novo.* *Id.*

Applying this standard, we hold that the BIA's adverse credibility determination was supported by substantial evidence, including Petitioner's initial failure to mention his 1999 trip to Singapore, and his subsequent obfuscation of the date upon which this voyage occurred, and the fact that he previously filed two fraudulent immigration documents. The BIA's decision that Fernando was not entitled to protection under the Convention Against Torture as a failed asylum seeker of Tamil ethnicity because Petitioner did not meet his burden of demonstrating–on the basis of country condition reports or other evidence–that it was more likely than not that he would be tortured if he were returned to Sri Lanka was also based upon substantial evidence. *See* 8 C.F.R. § 208.16(c)(2) (2000) (setting forth an applicant's burden in Convention Against Torture cases). Finally, substantial evidence supports the BIA's holding that Fernando failed to establish eligibility for asylum and withholding of removal.

The Court has considered the Petitioner's other arguments and finds them to be without merit.

The petition for review is therefore DENIED.